UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FRANKLIN R. BIGSBY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:06-0084 |
| ) | Judge Trauger |
| STATE OF TENNESSEE, ) | |
| ) | |
| Respondent. ) | |

O R D E R

The petitioner, Franklin R. Bigsby, has filed a *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Bigsby is a prisoner in the West Tennessee State Prison in Henning, Tennessee.

As provided in the Memorandum entered contemporaneously herewith, the petition and accompanying documents clearly establish that Bigsby is NOT entitled to federal *habeas corpus* relief because the single issue that he raises in this court is procedurally defaulted for purposes of federal *habeas corpus* review. Accordingly, his petition for federal *habeas corpus* relief is DENIED and this action is DISMISSED. Rule 8, Rules – Section 2254 Cases.

Where, as here, a district court denies a *habeas corpus* petition on procedural grounds without reaching the merits of the petitioner's underlying constitutional claims, a certificate of appealability will issue only under the following conditions: 1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and 2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Resolution of procedural issues first is allowed and encouraged . . . ." *Id*. at 475. Moreover, if the district court determines that a certificate of appealability will not issue on procedural grounds, then there is no need to address the first part of the two-part test set forth above. *Id*. Because jurists of reason would not find it debatable that

Bigsby's claim is procedurally defaulted for purposes of federal *habeas corpus* review, should he file a timely notice of appeal from this Order, such notice shall be docketed as both a notice of appeal and an application for a certificate of appealability, 28 U.S.C. § 2253(c); Rule 22(b), Fed. R. App. P.; *Slack*, 529 U.S. at 483, which will NOT issue. *See Castro v. United States of America*, 310 F.3d 900, 901 (6th Cir. 2002)(citing *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997) and *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001)).

                                          Aleta A. Trauger
                                          United States District Judge